JP:PB

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – –X

UNITED STATES OF AMERICA

   - against -

FRANKLIN DURAN,
   also known as "Keven J. Flores-Lopez,"

       Defendant.

– – – – – – – – – – – – – –X

C O M P L A I N T

(T. 8, U.S.C. §§ 1326(a) and 1326(b)(2))

EASTERN DISTRICT OF NEW YORK, SS:

      MATTHEW LEW, being duly sworn, deposes and states that he is a Deportation Officer with United States Immigration and Customs Enforcement ("ICE"), duly appointed according to law and acting as such.

      Upon information and belief, on or about April 6, 2014, within the Eastern District of New York and elsewhere, the defendant FRANKLIN DURAN, also known as "Keven J. Flores-Lopez," being an alien who had previously been arrested and convicted of an aggravated felony, and was thereafter excluded and removed from the United States, and who had not made a re-application for admission to the United States to which the Secretary of the Department of Homeland Security, successor to the Attorney General of the United States, had expressly consented, was found in the United States.

      (Title 8, United States Code, Sections 1326(a) and 1326(b)(2)).

2

The source of your deponent's information and the grounds for his belief are as follows:[1]

1. I am a Deportation Officer with ICE and have been involved in the investigation of numerous cases involving the illegal re-entry of aliens. I am familiar with the facts and circumstances set forth below from my participation in the investigation; my review of the ICE investigative file, including the defendant's criminal history record; and from reports of other law enforcement officers involved in the investigation.

2. On or about April 6, 2014, New York City Police Department ("NYPD") officers assigned to the 70th Precinct arrested the defendant in Brooklyn, New York for robbery in the second degree, in violation of New York State Penal Law Section 160.10, assault in the second degree, in violation of New York State Penal Law Section 120.05, criminal possession of a weapon in the fourth degree, in violation of New York State Penal Law Section 265.01, and criminal possession of stolen property in the fifth degree, in violation of New York State Penal Law Section 165.40. In connection with that arrest, the defendant provided the false name "Keven J. Flores-Lopez." On or about April 15, 2014, the defendant was taken into ICE custody.

3. A review of the defendant's criminal history indicates that on April 3, 2008, the defendant was convicted of robbery in the second degree, in violation of California Penal Code Section 211. The defendant, a citizen of Honduras, was sentenced to two years' imprisonment. The defendant was removed from the United States on or about November 5, 2009.

4. The defendant's fingerprints were taken on April 6, 2014 when he was taken into NYPD custody. An official from ICE trained in fingerprint analysis compared the fingerprints taken in connection with the defendant's April 6, 2014 arrest with the fingerprints

---

[1] Because the purpose of this Complaint is to state only probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

3

taken in connection with the defendant's April 3, 2008 conviction and November 5, 2009 removal, and determined that the three sets of fingerprints were made by the same individual.

5. A search of ICE records has revealed that there exists no request by the defendant for permission from either the United States Attorney General or the Secretary of the Department of Homeland Security to re-enter the United States after removal.

WHEREFORE, your deponent respectfully requests that the defendant FRANKLIN DURAN, also known as "Keven J. Flores-Lopez," be dealt with according to law.

_____
Matthew Lew
Deportation Officer
United States Immigration and Customs Enforcement

Sworn to before me this
24th day of April, 2014

_____
THE HONORABLE VERA M. SCANLON
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK